FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2021 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=======================================X
PATRIOT LOGISTICS, INC. DBA A&J CIANCIULLI

                      Plaintiff,          Case No.:

- against -                      **COMPLAINT**

JP MORGAN CHASE BANK, N.A.        **CV-21 3417**

                      Defendant.
=======================================X

**CHEN, J.**

Plaintiff, Patriot Logistics, Inc. DBA A&J Cianciulli, by their attorney, Richard Sokoloff, Esq., brings this complaint against Defendant, JP Morgan Chase Bank, N.A and alleges as follows:

**BULSARA, M.J.**

### PARTIES

1. Patriot Logistics, Inc. DBA A&J Cianciulli (hereinafter referred to as "A&J") is a company doing business in the County of Queens, State of New York with bank accounts in the County of Queens with JP Morgan Chase Bank, N.A and within the jurisdiction of the Eastern District of New York, United States District Court.

2. Defendant, JP Morgan Chase Bank, N.A. (hereinafter referred to as "Chase") is engaged in the business of providing banking services to consumers and entities including Plaintiff.in conjunction with their bank accounts at Chase. Chase operates banking centers and branches across the States of New York, California and the nation and conducts business throughout New York, California and the United States.

### JURISDICTION AND VENUE

3. Plaintiff repeats and reiterates the prior allegations as if alleged more fully below.

4. Chase regularly and systematically provides banking services throughout the States of New York, California and the nation and provides banking services to its

customers, including Plaintiff throughout the Nation, including the Eastern District Of New York. As such, Chase is subject to the personal jurisdiction of this Court. Plaintiff has jurisdiction to bring this action in the Eastern District of New York, United States District Court, under section 15 U.S.C. 1681 et al.

5. Venue is proper in this District under 28 U.S.C. section 1391 et al. as Chase is subject to personal jurisdiction in this District, the acts and transactions in this matter occurred within this District & Chase regularly transacts business in this District.

## FACTS

6. Plaintiff repeats and reiterates the prior allegations as if alleged more fully below.

7. A&J seeks redress for JP Morgan Chase Bank, N.A's Negligence, Breach of Fiduciary Duty and failure to safeguard Plaintiff's accounts.

8. Chase, without the knowledge or authorization of Patriot Logistics, Inc. DBA A&J Cianciulli opened up a bank account at a branch in California under the name of A and J Cianciulli using the same address that plaintiff has their accounts listed at-2 Galasso Place, Maspeth, NY 11378.

9. That this account under A and J Cianciulli was a fraudulent account opened up by hackers and scammers and without the authorization of Patriot Logistics, Inc. DBA A&J Cianciulli

10. That Chase knew or should have clearly known that this was a fraudulent account as the names are clearly different- Patriot Logistics, Inc. DBA A&J Cianciulli as opposed to A and J Cianciulli.

11. The account in question was opened up in California with the Plaintiff's New York address and a variation on Plaintiff's name thus raising red flags to Chase.

12. Chase, despite having the duty to do so, at no time reached out to any

representatives of Plaintiff to determine if they should properly open up said account.

13. Chase allowed, authorized and approved of two fraudulent wire transfers made to A and J Cianciulli by one of the clients of Plaintiff, Top Shelf Electric Corp. One transfer was in the amount of $42,950 on May 4, 2021 and the second was in the amount of $21,350 on May 12, 2021.

14. The wire transfers were to be paid to Plaintiff but instead went to a fraudulent company, A and J Cianciulli causing damages to Plaintiff in the total sum of $64,300.

## AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE

15. Plaintiff repeats and reiterates the prior allegations as if alleged more fully below.

16. To establish a negligence claim, a plaintiff must allege and prove: "'(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty.'" Yost v. Wabash College, 3 N.E.3d 509, 515 (Ind.2014). (Quoting Pfenning v. Lineman, 947 N.E.2d 392, 398 (Ind.2011). A defendant cannot be found negligent where there is no duty to the plaintiff. Id. "Whether a duty exists is generally a question of law for the court.

17. In this case Chase owed a duty to Plaintiff to maintain procedures that would prevent fraud from occurring to their customers. Chase breached said duty by allowing another entity to open an account using a name that, why similar to Plaintiff's, was clearly not Plaintiff's name or entity. Red flags were obvious when said fraudulent entity used Plaintiff's address in New York while opening an account in California under a different entity.

18. Chase knew or should have known that fraud was being perpetrated and never should have allowed said account to be opened without doing their due

diligence in notifying Plaintiff of the happenings that were occurring.

19. Chase negligently failed to stop the opening of the account and preventing it from opening until an investigation could be conducted. Chase breached said duty. Chase's negligence resulted in two wire transfers intended to be paid to Plaintiff for invoices owed, to be sent to a fraudulent entity causing damages to Plaintiff in the sum of $64,300.

20. Plaintiff seeks damages in the amount of $64,300 based on Chase's negligence, plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

21. Plaintiff repeats and reiterates the prior allegations as if alleged more fully below.

22. To establish a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." Farmers Elevator Co. of Oakville v. Hamilton, 926 N.E.2d 68, 79 (Ind.Ct.App.2010).

23. In this case Chase maintained a fiduciary relationship with Plaintiff and, as such, had the obligation and duty of loyalty and of care. Duty of loyalty implies that Chase will always act in the best interests of the client.to maintain procedures that would prevent fraud from occurring to their customers. The duty of care implies that Chase will have security methods in place to prevent the fraud that took place to Plaintiff.

24. Defendant breached their fiduciary duty to Plaintiff by allowing another entity to use a name that, why similar to Plaintiff's, was clearly not Plaintiff's name or entity, at the same address that is Plaintiff's while at a California branch without

notifying Plaintiff or red flagging the opening of the account and preventing it from opening until an investigation could be conducted. Chase breached said duty.

25. Chase's breach of their fiduciary duty resulted in two wire transfers intended to be paid to Plaintiff for invoices owed, to be sent to a fraudulent entity causing damages to Plaintiff in the sum of $64,300, plus interest.

26. Plaintiff seeks damages in the amount of $64,300 based on Chase's negligence, plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FAILURE TO SAFEGUARD

27. Plaintiff repeats and reiterates the prior allegations as if alleged more fully below.

28. Chase violated the Safeguards Rule, Rule 30(a) of Regulation S-P, which requires investment advisers and broker dealers to adopt written policies and procedures reasonably designed to protect customer records and information.

29. Chase failed to prevent or detect conversion when they allowed, authorized and approved of two fraudulent wire transfers made to A and J Cianciulli by one of the clients of Plaintiff, Top Shelf Electric Corp. One transfer was in the amount of $42,950 on May 4, 2021 and the second was in the amount of $21,350 on May 12, 2021.

30. Chase failed to safeguard Plaintiff from scammers and hackers and failed to establish and maintain adequate supervisory systems and procedures to achieve compliance with securities law, regulations and rules, or adequately review and monitor transmittal of funds from customer accounts to outside entities causing Plaintiff damages in the sum of $64,300.

31. Plaintiff seeks damages in the amount of $64,300 based on Chase's

negligence, plus interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands that a judgment be entered against Defendant for:

(a) The sum of $64,300, plus interest for Defendant's negligence

(b) The sum of $64,300, plus interest for Defendant's breach of their fiduciary duty

(c) The sum of $64,300, plus interest for Defendant's failure to safeguard

(d) The costs of this action along with reasonable attorney's fees, pursuant to applicable law and

(e) Such other relief as this court sees fit and reasonable.

Dated: June 14, 2021

Respectfully Submitted by:

Richard Sokoloff, Attorney at Law

_____

Richard Sokoloff, Esq.

990 South Second St., Suite 1

Ronkonkoma, NY 11779

NYS Bar#2037398